```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GARY LA BARBERA, THOMAS GESUALDI,           *
LOUIS BISIGNANO, ANTHONY PIROZZI,           *
FRANK FINKEL, JOSEPH FERRARA, SR.,          *
CHRISTOPHER WARD, MARC HERBST               *       08-CV-2367 (NRB)
AND THOMAS PIALI, Trustees and Fiduciaries  *
of the Local 282 Welfare, Pension, Annuity, *
Job Training, and Vacation and Sick Leave   *
Trust Funds,                                *       COMPLAINT
                                            *
                    Plaintiffs,             *
                                            *
            - against -                     *
                                            *
SKANSKA KOCH, INC.,                         *
f/k/a KOCH SKANSKA, INC.,                   *
                                            *
                    Defendant.              *
-----------------------------------------------------------------X
```

The Trustees and Fiduciaries (the "Trustees" or "Plaintiffs") of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds (the "Funds"), by their attorneys Friedman & Wolf, allege as follows:

INTRODUCTION

1.      The Trustees bring this action to compel Defendant to produce books and records for audit and, should the audit reveal contributions due and owing, to collect delinquent contributions. If Defendant claims it has not maintained pertinent books and records for any portion of the periods Plaintiffs wish to audit, Plaintiffs seek to collect from Defendant an estimate of contributions owed based on the formula set forth in the Funds' Agreement and Declaration of Trust (the "Trust Agreement"), or based on available evidence other than the pertinent books and records.

Author: ARH   Doc Number:79655                  1

2. In bringing this action, the Trustees are enforcing the terms of the Trust Agreement governing the Funds, as well as the collective bargaining agreement between Defendant and Teamsters Local 282 ("Local 282"), affiliated with the International Brotherhood of Teamsters. This action is based on provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq. Specifically, Plaintiffs invoke Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), in that they seek to enforce terms of the Trust Agreement, and to prevent violations of Sections 209(a) and 515 of ERISA, 29 U.S.C. §§ 1059(a), 1145.

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based on Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

4. This Court is one of proper venue, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), since the Defendant in this action has performed work at various job sites which are found within this district.

## PARTIES

5. The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). They were established pursuant to the terms of various collective bargaining agreements between Local 282, which is a labor organization representing employees in an industry affecting commerce, and various employers who are required to make contributions to the Funds on behalf of their employees covered by the collective bargaining agreements. The Funds provide various pension, health and welfare, annuity, job training and

vacation and sick leave benefits to covered employees, retirees, and their dependents. The Funds are operated pursuant to the terms of the Trust Agreement.

6. The Funds' principal office is located at 2500 Marcus Avenue, Lake Success, within the County of Nassau, New York.

7. Plaintiffs Gary LaBarbera, Thomas Gesualdi, Louis Bisignano, Anthony Pirozzi, Frank Finkel, Joseph Ferrara, Sr., Christopher Ward, Marc Herbst, and Thomas Piali are the Trustees of the Funds, and collectively are the "plan sponsor" within the meaning of Section 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii). The Trustees are Fiduciaries of the Funds, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

8. Upon information and belief, Defendant Skanska Koch, Inc. f/k/a Koch Skanska, Inc. ("Skanska Koch") is a Delaware corporation and joint-venture doing business in New York City, which maintains its principal place of business at 400 Roosevelt Avenue, Carteret, New Jersey 07008, and employs an average of nineteen (19) employees covered by collective bargaining agreements with Local 282.

9. Skanska Koch is a member of the General Contractors Association of New York, Inc. (the "GCA").

10. Skanska Koch is a signatory to the New York City Heavy Construction and Excavating collective bargaining agreement, via a Memorandum of Agreement, for the period from July 1, 2006 through June 30, 2009.

11. The Memorandum of Agreement between Local 282 and Skanska Koch was signed on behalf of Skanska Koch by Christopher Ward as Managing Director of the GCA.

12. The collective bargaining agreement, together with the Trust Agreement, require Defendant to make contributions to the Funds in specified amounts for each hour worked

in employment covered by the collective bargaining agreement ("covered employment"), including paid holiday and vacation hours, except that for the Welfare Fund, a minimum and maximum of forty hours per week are required, for the Pension Fund, no more than eight hours per every day worked are required, not to exceed forty hours per week, including Saturday and Sunday, and for the Job Training Fund, no more than forty hours for work done each week are required. The agreements do not set hourly limits on contributions to the Annuity Fund or the Vacation and Sick Leave Fund, which are required for each hour paid by the employer. The collective bargaining agreements require payment of eight hours' pay for any day an employee performed work, plus any overtime worked. Pay and benefits contributions for hours worked before 7:00 A.M. were required to be paid at a rate one and one-half times the regular rate.

13. Pursuant to the terms of the collective bargaining agreement and the Trust Agreement, Skanska Koch must submit detailed written reports of hours worked in covered employment each month ("remittance reports"). Contributions and remittance reports are to be submitted no later than thirty (30) days after the close of the calendar month covered by the relevant remittance report.

14. Skanska Koch submitted monthly remittance reports to the Funds for hours worked by its drivers in covered employment through at least June 2007.

15. Skanska Koch made contributions to the Funds corresponding to the number of hours it reported on said monthly remittance reports as having been worked by its drivers in covered employment.

16. The records of Skanska Koch have not been produced to the Funds for audit.

17. The Trust Agreement and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorize the Trustees to bring actions to enforce an employer's obligations to the Funds under its collective bargaining agreement with Local 282, including the obligation to provide books and records for audit and make contributions to the Funds.

18. The Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g), also provide that the Court shall award reasonable attorneys' fees and costs and such other and further equitable relief as the Court deems appropriate.

FIRST CAUSE OF ACTION

19. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 18 as if the same were fully set forth herein.

20. Skanska Koch is required by the Trust Agreement and ERISA to submit books and records for audit.

21. Article IX(1)(d) of the Trust Agreement provides that "[t]he trustees [of the Funds] may at any time audit the pertinent books and records of an Employer in connection with" such employer's contributions to the Funds. Article IX(1)(e) and (3) of the Trust Agreement provide that if an employer fails to submit the pertinent books and records for audit within twenty (20) days after written demand, such failure shall be a material breach of the Collective Bargaining and Trust Agreement.

22. Article IX(1)(d) of the Trust Agreement states that pertinent books and records "shall include, but not necessarily be limited to, the types of records and documents listed herein for all individuals who perform work for each business described above (whether or not the individual is covered by a collective bargaining agreement with the Union or is an

Employee as defined in this Agreement and Declaration of Trust or as a matter of law: (1) Payroll records, including payroll journals, time cards, print-outs, ledgers, or any other form of payroll record; (2) Payroll tax records submitted to federal and state governments, including Forms 941 and W-2; (3) Complete business income tax returns; (4) cash disbursement records; (5) general ledgers; (6) records relating to the hiring of trucks, including equipment vouchers, invoices and payment records; and (7) Any other records specifically requested by the Funds' auditors…". Article VIII(3) of the Trust Agreement provides that the construction of the terms of the Trust Agreement by the Trustees is binding upon employers.

23. The Trustees have further construed the phrase "pertinent books and records" to include the books and records of any business entity affiliated with the signatory employer covered by a CBA that either has employed persons who have performed the same type of work as the employees of the signatory employer or is part of a group of trades or business sharing "common control" with the signatory employer. In addition, Article IX(1)(d) of the Trust Agreement provides that books and records include those "of any business which is bound by a collective bargaining agreement with the Union which requires contributions to any of the Funds and any other business entity which is affiliated with such business and which either: 1) has employed persons who have performed the same type of work as the employees of the Employer covered by the Union Agreement, or 2) is part of a group of trades or businesses 'under common control,' as that term is used in 29 U.S.C. § 1301(b)(1)."

24. The Trustees' auditors notified the Funds that the company had not responded to their request to perform an audit for the period of July 1, 2006 through July 1, 2007. The Trustees referred the matter to counsel, who sent the company a letter by certified mail, dated November 19 2007, demanding that Skanska Koch produce the relevant books and

records. As of this date, the pertinent books and records have not been produced.

25. The refusal and failure of Defendant to provide the Trustees' auditors with its pertinent books and records also violates Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." In addition, under Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for an examination period of not less than six years."

26. The refusal and failure of Defendant to provide the Trustees' auditors with its pertinent books and records in connection with Defendant's obligation to pay contributions to the Funds also violates Section 515 of ERISA, 29 U.S.C. §1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement...[to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

27. In any action by the Trustees seeking the production of books and records by employers for audit purposes, the Funds are entitled to "attorneys' fees and all costs and disbursements" connected with such action, pursuant to Article IX(1)(e) of the Trust Agreement.

28. As a result of Defendant's conduct in violation of the Trust Agreement, collective bargaining agreement, and ERISA, Plaintiffs are entitled to an Order (1) directing Skanska Koch to present relevant books and records for examination, and (2) awarding the Trustees all costs and disbursements of this suit, including reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

29. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1

through 28 as if the same were fully set forth herein.

30. In the event that Skanska Koch provides the Trustees' auditors with its pertinent books and records, and the audit reveals contributions due and owing, such contributions are due to Plaintiffs as delinquent contributions under the Trust Agreement, the applicable collective bargaining agreement, and ERISA.

31. Any failure by Skanska Koch to pay contributions to the Funds promptly when due is a violation of the collective bargaining agreement between Skanska Koch and Local 282. In addition, such failure is a violation of Article IX(3) of the Trust Agreement.

32. Any failure by Skanska Koch to pay contributions to the Funds promptly when due is also a violation of Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement...[to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

33. In enforcing Section 515 of ERISA, 29 U.S.C. § 1145, Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following: delinquent contributions; interest on the delinquent contributions; an amount equal to the greater of interest on the delinquent contributions or liquidated damages; reasonable attorneys' fees and costs of the action; and such other equitable relief as the Court deems appropriate.

## THIRD CAUSE OF ACTION

34. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 33 as if the same were fully set forth herein.

35. To the extent that Skanska Koch claims it has not maintained pertinent books and records for any portion of the period sought to be audited, it has violated the terms of the collective bargaining agreement and the Trust Agreement, which require employers to submit to the Trustees' audits.

36. To the extent that Skanska Koch claims it has not maintained pertinent books and records for any portion of the period sought to be audited, it has also violated Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." In addition, under Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for examination for a period of not less than six years."

37. To the extent that Skanska Koch claims it has not maintained pertinent books and records for any portion of the period sought to be audited in connection with its obligation to pay contributions to the Funds, it has also violated Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement...[to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

38. To the extent that Skanska Koch refuses to submit its pertinent books and records or claims it has not maintained pertinent books and records for any portion of the period sought to be audited, the Trust Agreement sets out a formula that Plaintiffs may utilize in order to estimate contributions owed.

39. Under the Trust Agreement's formula, Article IX(1)(e), to the extent that Skanska Koch has failed to submit a remittance report for any month during the period for which

the audit is sought, and records are not provided for that month, the failure to produce books and records for audit purposes entitles the Funds to a sum for that month equal to the current rate of contributions to each of the Funds, multiplied by 110 percent of the number of hours for the month in which the largest number of hours were reported in the previous twelve reports.

40. Under the Trust Agreement's formula, Article IX(1)(f), to the extent that Skanska Koch has submitted the required remittance report for any month during the period for which the audit is sought, but records are not provided for that month, the failure to produce books and records for audit purposes entitles the Funds to a sum equal to the current rate of contributions to each of the Funds, multiplied by 50 percent of the number of hours reported for that month.

41. Because Skanska Koch is bound by the terms of the Trust Agreement, it is bound by the formula set out in the Trust Agreement. In the alternative, to the extent that Skanska Koch fails to submit its pertinent books and records for any portion of the period the Funds wish to audit, Article IX(4) of the Trust Agreement empowers Plaintiffs to "take whatever proceedings may be proper and necessary in their discretion for enforcement of Employer's obligations" in addition "to any other enforcement remedies which may exist under the Collective Bargaining Agreement and under this Agreement and Declaration of Trust." Thus, to the extent that evidence exists enabling the Trustees to approximate contributions owed by a defendant that has failed to maintain pertinent books and records, the Trustees may utilize such evidence to estimate contributions owed rather than imposing the formula set out in the Trust Agreement.

42. In addition, an employer that violates the recordkeeping duties of Sections 107 and 209(a) of ERISA, 29 U.S.C. §§ 1027 and 1059(a), must accept a benefit plan's

reasonable estimate of contributions owed, in this case as determined by the Trust Agreement's formula. Alternatively, to the extent that evidence exists enabling Plaintiffs to approximate contributions owed by a defendant that has failed to maintain pertinent books and records, that defendant must accept Plaintiffs' reasonable estimate of contributions owed based on such evidence rather than on the formula set out in the Trust Agreement.

43. In any action by Plaintiffs seeking estimated contributions owed in the event that employers fail to submit the pertinent books and records, Plaintiffs are entitled to attorneys' fees and all costs and disbursements connected with such an action, pursuant to Article IX(1)(f) of the Trust Agreement.

44. In seeking estimated contributions owed, and thereby enforcing Section 515 of ERISA, 29 U.S.C. § 1145, Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following: delinquent contributions; interest on the delinquent contributions; an amount equal to the greater of interest on the delinquent contributions or liquidated damages; reasonable attorneys' fees and costs of the action; and such other and further equitable relief as the court deems appropriate.

WHEREFORE, Plaintiffs pray for judgment against Skanska Koch as follows:

A. On the First Cause of Action:

(1) An order directing Skanska Koch to present the requested pertinent books and records for the period from July 1, 2006 to the present to the Trustees' auditors within thirty (30) days for examination;

(2) All costs and disbursements of this suit, including reasonable attorneys' fees;

    (3) All audit fees incurred; and

    (4) Such other and further equitable relief as this Court deems appropriate.

  B. On the Second Cause of Action:

    (1) The amount of contributions found to be due and owing, as revealed by the audit;

    (2) Interest on the delinquent contributions;

    (3) An amount equal to the greater of interest on the delinquent contributions or liquidated damages;

    (4) Reasonable attorneys' fees and costs of the action;

    (5) Such other and further equitable relief as this Court deems appropriate.

  C. On the Third Cause of Action:

    (1) To the extent that Skanska Koch claims it has not maintained pertinent books and records for any portion of the period sought to be audited, an Order directing entry of judgment against it in the following amounts:

     (a) To the extent that Skanska Koch has failed to submit a remittance report for any month during the period for which the audit is sought, and records are not provided for that month, it shall pay an amount for that month equal to the current rate of contributions to each of the Funds, multiplied by 110 percent of the number of hours for the month in which the largest number of hours were reported in the previous twelve reports submitted; in the alternative, if evidence exists enabling the Funds to approximate contributions owed for any month for which records are not provided, the amount of contributions found

owing;

    (b) To the extent that Skanska Koch has submitted the required remittance report for any month during the period for which the audit is sought, but records are not provided for that month, it shall pay an amount for that month equal to the current rate of contributions to each of the Funds, multiplied by 50 percent of the number of hours reported that month; in the alternative, if evidence exists enabling the Funds to approximate contributions owed for any month for which records are not provided, the amount of contributions found owing;

    (c) Interest on the delinquent contributions;

    (d) An amount equal to the greater of interest on the delinquent contributions or liquidated damages;

    (e) Reasonable attorneys' fees and costs of the action;

    (f) Such other and further equitable relief as this Court deems appropriate.

Dated: March 6, 2008
   New York, New York

            FRIEDMAN & WOLF

        By: _____
           Amie Ravitz Hogan (AR-5095)

           1500 Broadway, Suite 2300
           New York, New York 10036
           (212) 354-4500
           Attorneys for Plaintiffs