UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GARY LA BARBERA, THOMAS GESUALDI,      *
LOUIS BISIGNANO, ANTHONY PIROZZI,      *
FRANK FINKEL, JOSEPH FERRARA, SR.,     *
CHRISTOPHER WARD, MARC HERBST          *
AND THOMAS PIALI, Trustees and Fiduciaries  *
of the Local 282 Welfare, Pension, Annuity,   *    08-CV-2367 (NRB)(FM)
Job Training, and Vacation and Sick Leave   *
Trust Funds,                           *
                                       *
                Plaintiffs,            *
                                       *
        - against -                    *
                                       *
SKANSKA KOCH, INC.,                    *
f/k/a KOCH SKANSKA, INC.               *
                                       *
                Defendant.             *
-----------------------------------------------------------X

## STATUS REPORT

Plaintiffs are Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds (the "Funds"). The Funds are governed by the Employee Retirement Income Security Act, 29 U.S.C. 1001, et seq. ("ERISA"), and various documents including the Agreements and Declarations of Trust, as amended (the "Trust Agreement") and collective bargaining agreements between signatory employers and Local 282, I.B.T. The Trust Agreement, among other things, empowers the Trustees and Fiduciaries of the Local 282 Benefit Funds (the "Trustees") to audit the books and records of various employers who have signed collective bargaining agreements with Local 282, I.B.T.

Defendant Skanska Koch, Inc., f/k/a Koch Skanska, Inc. (Defendant or "Skanska Koch") is a signatory to a collective bargaining agreement with Local 282, I.B.T. and, therefore, a party to the Trust Agreement. The Trustees sued Skanska Koch because, despite Plaintiffs'

repeated requests, Defendant never produced books and records for audit or otherwise responded to the Trustees' requests. In addition to an audit, the Trustees seek payment of any contributions found due and owing. Finally, the complaint herein seeks attorneys' fees and costs incurred in this case, to which the Trustees are entitled to pursuant to the Trust Agreement and 29 U.S.C. 1132(g)(2).

After the commencement of this lawsuit, Skanska Koch produced books and records for audit and, according to a report prepared by the Trustees' independent auditors, the Trustees owe Skanska Koch a small credit. However, the issue of attorneys' fees and costs remains outstanding. By Stipulation, Defendant's time to Answer the Summons and Complaint in this case expires today, May 14, 2008. At this time, the parties are in settlement discussions as to attorneys' fees incurred by the Trustees in pursuing the audit. The Board of Trustees of the Local 282 Benefit Funds met on May 27, 2008, and formulated a defined settlement position regarding attorneys' fees, which they communicated to Defendant. Defendant is still considering the settlement offer. We believe that we can reach a final settlement number within the next 30 days. Accordingly, Plaintiffs respectfully request that this case be held in abeyance for such 30 day period.

If the Court requires additional information or documentation at this time, Plaintiffs will supply the Court with whatever further information it requires.

Dated: New York, New York
      June 5, 2008

                                                                            /S/
                                       Nathan V. Bishop (NB-1880)
                                       FREIDMAN & WOLF
                                       1500 Broadway, Suite 2300
                                       New York, New York 10036
                                       (212) 354-4500

                                       Attorneys for Plaintiffs